UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BURCO, INC.,
a Michigan corporation,

    Plaintiff,

v.

VANTAGE MOTORS CORPORATION,
a California corporation,
JAMES KAO, and
TIMOTHY LIN,

 Jointly and Severally,

    Defendants.

Case No.

Hon.

## COMPLAINT

Christopher J. Breay (P51646)
McShane & Bowie, P.L.C.
Counsel for Burco, Inc.
99 Monroe Avenue NW, Suite 1100
Grand Rapids, MI  49503
616-732-5000
cjb@msblaw.com

## Jurisdiction & Venue

1. Burco, Inc. is a Michigan corporation having a principal place of business in Grand Rapids, Michigan. Burco is a citizen of Michigan for purposes of diversity jurisdiction.

2. Vantage Motors Corporation ("VM") is a California corporation having a principal place of business in California. VM is a citizen of California for purposes of diversity jurisdiction.

3. James Kao is the President of VM and resides in the State of California. Mr. Kao is a citizen of California for purposes of diversity jurisdiction.

4. Timothy Lin is an owner and/or officer of VM and resides in the State of California. Mr. Kao is a citizen of California for purposes of diversity jurisdiction.

5. The amount in dispute exceeds $75,000. This Court therefore has diversity jurisdiction over this action.

6. As some of Plaintiff's claims are based on federal statutes, this Court also has federal-question jurisdiction over this action.

7. The City of Grand Rapids, State of Michigan is a proper venue for this action.

## General Allegations

8. Burco, Inc. has supplied mirror glass and related products to the automotive parts and auto glass replacement markets since 1979.

9. Burco is the industry leader in the replacement parts market for automotive mirrors and related products. Burco's name, the quality of its products and service, and its reputation for such quality are well known throughout the industry.

10. Burco uses several forms of intellectual property to advertise, throughout the United States, its company and products, including, without limitation, the following:

  a. Distinctive images which are widely recognized in the industry as Burco's images, copies of which appear at **Exhibit 1**.

  b. Specific installation instructions for its mirrors, which it prominently displays on the back of the packages in which such mirrors are sold. These instructions appear at **Exhibit 2** (right-hand side).

  c. Specific part numbers to identify its products from other sellers, including those appearing at **Exhibit 3**. Such part numbers are widely recognized in the industry as specifically identifying Burco's products and no other seller's. Burco's part numbers have been registered with the United States Copyright Office.

  d. Particular packaging, a picture of which appears at **Exhibit 4**. This packaging is widely recognized in the industry as packaging used by Burco.

(collectively, "Intellectual Property").

11. All of the above Intellectual Property is owned by Burco and Burco has rights in the Intellectual Property superior to any and all persons anywhere throughout the United States.

12. Vantage Motors Corporation ("VM") has been a customer of Burco's since September of 2013.

13. Beginning in approximately September of 2013, VM began to purchase several of Burco's products.

14. Beginning sometime in 2015, VM has sold its own products, which are confusingly similar to Burco's, and, to advertise such products, VM has used Burco's Intellectual Property.

15. VM is selling such products under the brand name "Exactafit" and possibly others.

16. VM has approximately 850 listings on eBay and 150 listings on www.amazon.com that reference Burco's part numbers to sell Exactafit mirrors.

3

17. VM's products are not of the same quality as Burco's. For example, VM uses thinner glass and the edges are seamed on only one edge. Burco's products are seamed on both sides to make handling safer.

18. Defendant James Kao is the President of VM and has knowledge of and actively assists VM in the marketing of its products, including, without limitation, the marketing of its products using Burco's Intellectual Property as more specifically described above.

19. Defendant Timothy Lin is an owner and/or officer of VM and has knowledge of and actively assists VM in the marketing of its products, including, without limitation, the marketing of its products using Burco's Intellectual Property as more specifically described above.

20. On January 5, 2016, Burco's counsel wrote to Defendants and advised them that they were infringing Burco's Intellectual Property by selling VM's products in packages displaying Burco's installation instructions, using Burco's part numbers, using Burco's trademarks in the form of its images, and selling knock offs of Burco's mirrors. **Exhibit 5.**

21. Defendants continue to infringe Burco's Intellectual Property in defiance of Burco's correspondence.

22. Burco has been damaged by Defendants' unlawful activities, including, without limitation, loss of profits, damage to its goodwill and reputation, and significant legal expenses and costs.

### Count I
### Violations of Lanham Act – Infringement of Rights in Marks

23. Burco incorporates each of the preceding allegations herein by reference.

24. Burco owns each of the following trademarks, has used each of them since long before Defendants, and each trademark has become distinctive, either in its own right or through Burco's long use of such marks and the recognition they have garnered in the industry:

    a. The images appearing at **Exhibit 1**.

    b. The specific installation instructions for its mirrors that appear at **Exhibit 2** (right-hand side).

    c. The specific part numbers to identify its products from other manufacturers, which appear at **Exhibit 3.**

("Marks").

25. VM has used Burco's images in commerce in several ways, including, without limitation, listing them on www.amazon.com to advertise VM's own products. *See, e.g.,* **Exhibit 6.**

26. VM has used Burco's installation instructions in commerce in several ways, including, without limitation, placing them on the back of packages that advertise and enclose VM's own products. *See, e.g.,* **Exhibit 2** (left-hand side).

27. VM has used Burco's part numbers in a multitude of ways, including, without limitation, in approximately 850 listings on eBay and 150 listings on www.amazon.com in such a way that its products are located when a customer uses Burco's part numbers.

28. VM's use of the Marks in connection with its products has caused or is likely to cause confusion as to the origin of such products.

29. Defendant James Kao is the President and possibly an owner of VM. Mr. Kao has been personally involved in VM's infringement of Burco's Marks or has been willfully blind to the infringing activity.

30. Defendant Timothy Lin is an officer and/or owner of VM. Mr. Kao has been personally involved in VM's infringement of Burco's Marks or has been willfully blind to the infringing activity.

31.     On January 5, 2016, Burco's counsel wrote to each of the Defendants to advise them that they were unlawfully infringing Burco's Intellectual Property and that if they did not cease and desist on or before January 6, 2016, Burco reserved the right to exercise its legal remedies.  **Exhibit 5.**

32.     Defendants have failed and refused to comply with Burco's demand.

33.     Defendants have violated the federal Lanham Act by infringing Burco's Marks.

34.     Defendants' infringement of Burco's Marks and violations of the Lanham Act are intentional and willful as demonstrated, in part, by their refusal to cease and desist after receiving clear notice of the infringements and violations.

35.     Burco has been damaged as a result of Defendants' unlawful activities in several ways, including, without limitation, lost profits, damage to goodwill and business reputation, and attorneys' fees and legal costs.  Much of Burco's damage is irreparable.

WHEREFORE, Burco, Inc. requests that this Court issue the following relief:

i.  An injunction against Defendants, and all those acting in concert with them, commanding them to immediately discontinue all use of Plaintiff's Marks, and everything confusingly similar to them, in connection with Defendants' products, advertising, or otherwise in commerce, and

ii. A Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount sufficient to fully compensate Plaintiff, including, without limitation, three times the amount of its damages; in an amount equal to all of the attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this matter; and awarding such other and further relief that this Court deems just and equitable to render.

### Count II

### Violations of Lanham Act – Passing Off

36.     Burco incorporates each of the preceding allegations herein by reference.

37.     By use of Burco's Intellectual Property in connection with VM's products, which appear very similar to Burco's, VM has caused a likelihood of confusion as to the origin of the

products it is advertising for sale in commerce. More specifically, VM has caused a likelihood of confusion as to whether the products it is advertising and selling are their products or those of Burco's.

38. VM's actions have had a substantial economic effect on interstate commerce. More specifically, VM's actions have resulted in Burco losing profits that would otherwise have been generated by interstate sales, losing goodwill that Burco has built up with customers and potential customers across the interstate market for its products.

39. VM's actions are therefore in violation of the Lanham Act.

40. Defendant James Kao is the President and possibly an owner of VM. Mr. Kao has been personally involved in VM's unlawful activities or has been willfully blind to such activities.

41. Defendant Timothy Lin is an officer and/or owner of VM. Mr. Kao has been personally involved in VM's unlawful activities or has been willfully blind to such infringing activities.

42. On January 5, 2016, Burco's counsel wrote to each of the Defendants to advise them that they were violating the Lanham Act by passing off their products as Burco's and that if they did not cease and desist on or before January 6, 2016, Burco reserved the right to exercise its legal remedies. **Exhibit 5.**

43. Defendants have failed and refused to comply with Burco's demand.

44. Defendants' unlawful activities are intentional and willful as demonstrated, in part, by their refusal to cease and desist after receiving clear notice of their unlawful activities.

45. Burco has been damaged as a result of Defendants' unlawful activities in several ways, including, without limitation, lost profits, damage to goodwill and business reputation, and attorneys' fees and legal costs. Much of Burco's damage is irreparable.

WHEREFORE, Burco, Inc. requests that this Court issue the following relief:

i. An injunction against Defendants, and all those acting in concert with them, commanding them to immediately discontinue their violation of the Lanham Act by passing off VM's products as Burco's, and

ii. A Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount sufficient to fully compensate Plaintiff, including, without limitation, three times the amount of its damages; in an amount equal to all of the attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this matter; and awarding such other and further relief that this Court deems just and equitable to render.

## Count III

### Violations of Lanham Act – Infringement of Trade Dress

46. Burco incorporates each of the preceding allegations herein by reference.

47. Burco uses specific packaging for its products that is distinctive and not functional. **Exhibit 4** ("Trade Dress").

48. VM is using packaging for its products that is confusingly similar to Burco's Trade Dress.

49. The packaging of VM's products is likely to cause confusion as to the origin of the products at issue. This is especially so since VM is also unlawfully using other of Burco's Intellectual Property in connection with the products contained within the packaging.

50. Defendant James Kao is the President and possibly an owner of VM. Mr. Kao has been personally involved in VM's infringement of Burco's Trade Dress or has been willfully blind to the infringing activity.

51. Defendant Timothy Lin is an officer and/or owner of VM. Mr. Kao has been personally involved in VM's infringement of Burco's Trade Dress or has been willfully blind to the infringing activity.

52. On January 5, 2016, Burco's counsel wrote to each of the Defendants to advise them that they were unlawfully infringing Burco's Trade Dress and that if they did not cease and

8

desist on or before January 6, 2016, Burco reserved the right to exercise its legal remedies. **Exhibit 5.**

53. Defendants have failed and refused to comply with Burco's demand.

54. Defendants have violated the federal Lanham Act by infringing Burco's Trade Dress.

55. Defendants' infringement of Burco's Trade Dress and violations of the Lanham Act are intentional and willful as demonstrated, in part, by their refusal to cease and desist after receiving clear notice of the infringements and violations.

56. Burco has been damaged as a result of Defendants' unlawful activities in several ways, including, without limitation, lost profits, damage to goodwill and business reputation, and attorneys' fees and legal costs.  Much of Burco's damage is irreparable.

WHEREFORE, Burco, Inc. requests that this Court issue the following relief:

i. An injunction against Defendants, and all those acting in concert with them, commanding them to immediately discontinue all use of Plaintiff's Trade Dress, and everything confusingly similar to it, in connection with Defendants' products, advertising, or otherwise in commerce, and

ii. A Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount sufficient to fully compensate Plaintiff, including, without limitation, three times the amount of its damages; in an amount equal to all of the attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this matter; and awarding such other and further relief that this Court deems just and equitable to render.

## Count IV

### Violations of Copyright Act

57. Burco incorporates each of the preceding allegations herein by reference.

58. Burco has copyright ownership in the part numbers and installation instructions it uses in connection with the advertisement and sale of its products.  The part numbers have been registered with the United States Copyright Office.

59. Defendants are infringing Burco's copyright by using Burco's part numbers and installation instructions in connection with the advertisement and sale of VM's products.

60. Defendants Kao and Lin both had the right and ability to supervise VM's infringing conduct, and both had an obvious and direct financial interest in the infringement as Mr. Kao is an owner and possibly officer of VM and Lin is an owner and/or officer of VM.

61. Defendants' infringement of Burco's copyright constitutes a violation of the United States Copyright Act.

62. Burco advised Defendants, in writing, that they were infringing Burco's copyright but Defendants have failed to cease and desist from their infringing activities. **Exhibit 5.**

63. Defendants' infringement of Burco's copyright and violations of the Copyright Act are willful in part because they have acted and are acting in reckless disregard of Burco's copyrights.

64. Burco has been damaged by Defendants' unlawful activities in several ways, including, without limitation, lost profits, loss of goodwill and damage to business reputation, and attorneys' fees and legal costs. Much of Burco's damage is irreparable. Because of Defendants' willful infringements and violations, Burco is entitled to enhanced statutory damages as allowed by the Copyright Act.

WHEREFORE, Burco, Inc. requests that this Court issue the following relief:

i. An injunction against Defendants, and all those acting in concert with them, commanding them to immediately discontinue all use of Plaintiff's part numbers, installation instructions, and all other copyrighted information, in connection with Defendants' products, advertising, or otherwise in commerce, and

ii. A Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount sufficient to fully compensate Plaintiff, including, without limitation, three times the amount of its damages; in an amount equal to all of the attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this matter; and awarding such other and further relief that this Court deems just and equitable to render.

## Count V
## Violations of Michigan Consumer Protection Act

65. Burco incorporates each of the preceding allegations herein by reference.

66. Defendants' actions as more fully described above constitute unfair, unconscionable, and deceptive methods, acts, and practices in the conduct of trade and commerce within the meaning of the Michigan Consumer Protection Act ("MCPA") for several reasons, including, without limitation, the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, and certification of goods. Mich. Comp. Laws § 445.903(1)(a).

   b. Representing that goods and VM have sponsorship, approval, status, affiliation, and connection that they do not have. Mich. Comp. Laws § 445.903(1)(c).

   c. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which in fact could not reasonably be known by the consumer. Mich. Comp. Laws § 445.903(1)(s).

   d. Making a representation of a fact or statement of material fact to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is. Mich. Comp. Laws § 445.903(1)(bb).

   e. Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner. Mich. Comp. Laws § 445.903(1)(cc).

67. Burco has been damaged by Defendants' violations of the MCPA in several ways, including, without limitation, lost profits, damage to goodwill and business reputation, and attorneys' fees and legal costs. Much of Burco's damage is irreparable.

WHEREFORE, Burco, Inc. requests that this Court issue the following relief:

   i. An injunction against Defendants, and all those acting in concert with them, commanding them to immediately discontinue their violation of the Michigan Consumer Protection Act to the detriment of Plaintiff, and

  ii.  A Judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount sufficient to fully compensate Plaintiff, including, without limitation, in an amount equal to all of the attorneys' fees and other costs and expenses incurred by Plaintiff in connection with this matter; and awarding such other and further relief that this Court deems just and equitable to render.

Dated: June 21, 2016      McSHANE & BOWIE, P.L.C.

              By: /s/Christopher J. Breay_____
              Christopher J. Breay (P51646)
              Counsel for Burco, Inc.
              99 Monroe Avenue NW, Suite 1100
              Grand Rapids, MI 49503
              (616) 732-5000
              cjb@msblaw.com

430353\_2